**06 CV 4872**

JUDGE HOLWELL



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XEROX CORPORATION,<br>A New York corporation,<br><br>            Plaintiff,<br><br>v.<br><br>MEDIA SCIENCES INTERNATIONAL, INC.,<br>A Delaware corporation,<br><br>and<br><br>MEDIA SCIENCES, INC.,<br>A Delaware corporation,<br><br>            Defendants. | Civil Action No:<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Xerox Corporation, by its attorneys, for its Complaint, alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. section 1, *et seq.* Jurisdiction in this district is proper pursuant to 28 U.S.C. § 1338(a).

2. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b), because upon information and belief, Defendant does business in this judicial district.

## PARTIES

3. Plaintiff Xerox Corporation ("Xerox") is a New York Corporation with its principal place of business at 800 Long Ridge Road, Stamford, CT 06904, and its Business Group Operations division headquartered at 70 Linden Oaks, Rochester, NY 14625.

4.  Upon information and belief, Defendant Media Sciences International, Inc. and Defendant Media Sciences, Inc. are both Delaware corporations with their principal place of business at 8 Allerman Road, Oakland, NJ 07436 (together, "Media Sciences").

## BACKGROUND

5.  On April 13, 2004, United States Patent No. 6,719,419 B2 ("the '419 patent") entitled "Feed Channel Keying For Solid Ink Stick Feed" was duly and legally issued to named inventors Brent R. Jones, Frederick T. Mattern, and Timothy L. Crawford, and assigned to Xerox, which still owns the rights, title and interest to the '419 patent. A copy of the '419 patent is attached as Plaintiff's Exhibit 1.

6.  On July 13, 2004, United States Patent No. 6,761,444 B2 ("the '444 patent") entitled "Channel Keying For Solid Ink Stick Insertion" was duly and legally issued to named inventors Brent R. Jones, Frederick T. Mattern, and Timothy L. Crawford, and assigned to Xerox, which still owns the rights, title and interest to the '444 patent. A copy of the '444 patent is attached as Plaintiff's Exhibit 2.

7.  On November 22, 2005, United States Patent No. 6,966,644 B2 ("the '644 patent") entitled "Guide for Solid Ink Stick Feed" was duly and legally issued to named inventors Brent R. Jones and Frederick T. Mattern, and assigned to Xerox, which still owns the rights, title and interest to the '644 patent. A copy of the '644 patent is attached as Plaintiff's Exhibit 3.

8.  On January 17, 2006, United States Patent No. 6,986,570 B2 ("the '570 patent") entitled "Feed Guidance And Identification For Ink Stick" was duly and legally issued to named inventors Brent R. Jones, Frederick T. Mattern, Barry D. Reeves, Timothy L. Crawford, and

James D. Rise, and assigned to Xerox, which still owns the rights, title and interest to the '570 patent. A copy of the '570 patent is attached as Plaintiff's Exhibit 4.

## CLAIM FOR RELIEF OF INFRINGEMENT

9. Media Sciences makes, uses, sells, and/or offers to sell ink sticks for use in the Xerox Phaser 8500/8550 printer product as replacement products for Xerox's ink sticks. A copy of a web page from Media Sciences' web site listing these ink stick products (Media Sciences Part Numbers MS85C3, MS85M3, MS85Y3, MS85K3, and MS85K6) is attached as Plaintiff's Exhibit 5. Media Sciences' ink sticks fall within the scope of the claims of the '419, '444, '644, and '570 patents. Upon information and belief, the accused ink stick products are sold to distributors, retailers and/or customers who resell and/or use the ink stick products throughout the United States, including in the state of New York including in this judicial district.

10. Media Sciences also sells ink sticks to certain end users through its INKlusive printer program, by which it offers a free printer with the purchase of Media Sciences' ink sticks for a program term of 24 or 36 months. A copy of a web page from the INKlusive web site detailing the INKlusive printer program is attached as Plaintiff's Exhibit 6.

11. Media Sciences' acts in making, using, offering to sell, and/or selling, within the State of New York and elsewhere in the United States the above referenced Media Sciences ink sticks infringe, induce others to infringe, and/or contributorily infringe the claims of the '419 patent under 35 U.S.C. § 271 without authority to do so.

12. Media Sciences' acts of making, using, offering to sell, and/or selling, within the State of New York and elsewhere in the United States the above referenced Media Sciences ink

sticks infringe, induce others to infringe, and/or contributorily infringe the claims of the '444 patent under 35 U.S.C. § 271 without authority to do so.

13. Media Sciences' acts in making, using, offering to sell, and/or selling, within the State of New York and elsewhere in the United States the above referenced Media Sciences ink sticks infringe, induce others to infringe, and/or contributorily infringe the claims of the '644 patent under 35 U.S.C. § 271 without authority to do so.

14. Media Sciences' acts in making, using, offering to sell, and/or selling, within the State of New York and elsewhere in the United States the above referenced Media Sciences ink sticks infringe, induce others to infringe, and/or contributorily infringe the claims of the '570 patent under 35 U.S.C. § 271 without authority to do so.

15. Upon information and belief, Media Sciences' infringement of the '419, '444, '644, and '570 patents has been willful, deliberate and in conscious disregard of Plaintiff's rights. By designing, making, marketing, and selling Media Sciences' ink sticks specifically for use in the Xerox Phaser 8500/8550 and as replacement "generic" ink sticks, Media Sciences presumptively knew or should have known that Xerox has patents covering such ink sticks.

16. Xerox has suffered damages, including loss of sales and profits, as a result of Media Sciences' infringing activities.

17. As a result of Media Sciences' infringing activities, Xerox has suffered and will continue to suffer irreparable injury, unless Media Sciences is preliminarily and/or permanently enjoined by this Court.

## **DEMAND FOR JUDGMENT**

**WHEREFORE,** Xerox requests the following relief:

1. a judgment that Media Sciences' making, using, offering to sell, and/or selling, within the State of New York and elsewhere in the United States, Media Sciences' ink sticks for use in the Xerox Phaser 8500/8550 infringes, actively induces others to infringe, and/or contributorily infringes Xerox's '419, '444, '644, and '570 patents;

2. a judgment preliminarily and permanently enjoining Media Sciences' infringing activities;

3. a judgment awarding Xerox the damages to which it is entitled;

4. the trebling of the damages award pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein, together with prejudgment and post-judgment interest;

5. attorneys' fees pursuant to 35 U.S.C. § 285;

6. costs and expenses in this action; and

7. such other costs and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Xerox hereby demands a trial by jury of the issues so triable herein.

Respectfully submitted,

_____
Judith H. Weil  jw-7555
Epstein & Weil
225 Broadway, Suite 1203
New York, NY 10007
Telephone: (212) 732-4888
Facsimile: (212) 732-6703
E-mail: jweil@epsteinweil.com

Joseph P. Lavelle
Jennifer L. Dzwonczyk
Jim W. Ko
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610
E-mail: lavellej@howrey.com
          dzjen@howrey.com
          kojim@howrey.com

Attorneys for Plaintiff
XEROX CORPORATION

Dated: June 23, 2006